Peter F.  Carroll
Attorney at Law
715 South  Main Street
Kalispell, Montana 59901
Tel: (406)755-6330
Fax: (406)755-6331
Attorney for the Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

**Anthony Rebich, and**
**Sherry Rebich,**

                          **Plaintiff,**

**vs.**

Department of Veterans Affairs,
United States of America**,**
and Does 1 through 5, inclusive

                          **Defendants.**

---

## COMPLAINT

---

        This is an action against the Defendant, United States of America, brought pursuant to the Federal Tort Claims Act (FTCA), (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(I), for negligence and professional malpractice in connection with medical diagnosis and care provided to the Plaintiff, Anthony Rebich, (hereafter "Mr. Rebich") by the Department of Veterans Affairs at the Community Based Outpatient Clinic  located in Kalispell, Montana (hereafter, "CBOC-Kalispell"). and the Montana VA medical Center based in Ft. Harrison, Montana (hereafter, "MT-VMC").

## JURISDICTION AND EXHAUSTION OF ADMINISTRATIVE CLAIMS

        1.       Jurisdiction is proper under 28 U.S.C. § 1346(b)(1). This U.S. District Court has exclusive jurisdiction to hear FTCA claims.

2.      That since on or before January 1, 2010, and until approximately December 2018, the defendant, Anthony Rebich, received his medical care through the Veteran's Administration.

3.      In or about June,  2018, Mr. Rebich attended a medical assessment during which his complaints were a shortness of breath and chest pain.

4.      During the June 2018 appointment a disagreement occurred over whether Mr. Rebich's ill health was a matter of his pulmonary health or whether it was related to his cardiac functions.

5.      On or about July 2020,  pursuant to 28 U.S.C. § 2675(a), written notice by way of a completed Standard Form 95 together with an addendum and all pertinent supportive documentation of Mr. Rebich's administrative tort claim was presented to the appropriate Federal Agency, the U.S. Department of Veterans Affairs.

**VENUE**

6.      Consistent with 28 U.S.C. § 1402(b), venue is proper in this district and division in that at all times relevant, Mr. Rebich was and currently resides in the District of Montana and the acts and omissions complained of occurred in the District of Montana.

**PARTIES**

7.      The Plaintiff, Mr. Anthony Rebich, (hereafter "Mr. Rebich") served in the United States Army from 19 December 1965 and until 29 December 1969.

8.       Mr. Rebich  was Honorably Discharged from the United States Army.

9.      During his service in Southeast Asia, Mr. Rebich was exposed to Agent Orange and other dangerous substances.

/ / / /

/ / / /

1    10.    Since his return from Southeast Asia, Mr. Rebich has experienced a
2   series medical infirmities and Mr. Rebich's treatment for these illnesses has largely
3   been treated and cared for by the defendant's health care system.

4    11.    In August 1991, Mr. Rebich married Sherry Rebich (hereafter "Ms
5   Rebich") and they have remained husband and wife.

6    12.    That, the plaintiff, Ms Sherry Rebich has attended to Mr. Rebich's
7   illnesses throughout the parties' marriage.   Mrs.  Rebich is Mr. Rebich's wife and
8   care provider.

9    13.    At all times relevant, the Defendant owned, operated and controlled a
10   certain health care facility known as the VA Medical Center and Ambulatory Care
11   Clinic,(hereinafter the "MT-VMC") located at 3687 Veterans Drive, P.O. Box 1500,
12   Fort Harrison, Montana 59636.

13    14.    At all times relevant that defendant owned,  operated controlled the
14   operations of a Community Based Outpatient Clinic  located in Kalispell, Montana
15   (hereafter, "CBOC-Kalispell"), and medical professionals CBOC Kalispell provided
16   diagnosis, care and continuing treatment to Mr. Rebich at the CBOC Kalispell.

17    15.    The defendant was the exclusive provider of medical care and treatment
18   of Mr. Rebich between on or before 2004 and until 2021.

19    16.    The defendant has shared the medical care  and treatment of Mr. Rebich
20   since on or after July 2017.

21    17.    Consistent with 28 U.S.C. §§ 1346(b)(l), 2675, 2672 and 2679, at all
22   times relevant, all physicians, PA, nurses and other support personnel involved in the
23   diagnosis, care, and continuing treatment of Mr. Rebich at the CBOC Kalispell, and
24   the MT-VMC were employees of the Defendant and were acting within the scope of
25   their office or employment.

26   / / / /

27   / / / /

28
                                                              Page 3 of  10

1

## FACTUAL ALLEGATIONS

2      18.    The plaintiff, Mr. Rebich, was raised in Montana and he is a veteran of

3   the United States Army, having served between 1965 and 1969.

4      19.    Mr. Rebich is a veteran of the Vietnam conflict with service in the

5   Republic of Vietnam.     Mr. Rebich left the Republic of Vietnam in 1968.

6      20.    Mr. Rebich continued to serve stateside until he obtained an Honorable

7   Discharge from the United States Army in November 1969.

8      21.    Beginning in 1970, Mr. Rebich began receiving service-connected

9   disability benefits from the Veterans Administration.

10     22.    Consistent with his service in Vietnam, Mr. Rebich is presumed to have

11  been exposed to Agent Orange, a chemical defoliant, which is affirmatively

12  associated with a long list of medical conditions.

13     23.    That among the list of medical conditions which have been linked to

14  exposure to Agent Orange include, bladder cancer, ischemic heart disease and other

15  medical conditions.

16     24.     That despite possessing records to the contrary, defendant denied that

17  Mr. Rebich had service in the Republic of Vietnam until in or around 2008.

18     25.    That in 1985, Mr. Rebich enrolled and received confirmation of his

19  enrollment on a list of those veterans exposed to Agent Orange.

20     26.    Mr. Rebich has been a resident of the State of Montana since 1975.

21  Mr. Rebich has lived in Flathead County since 1997.

22     27.    That at all times relevant Mr. Rebich received medical treatment,

23  including diagnostic testing, blood work, and other generally accepted testing from

24  the defendant(s) to determine Mr. Rebich state of health.

25     28.    That at all times relevant Mr. Rebich received medical treatment,

26  including diagnostic testing, blood work, and other generally accepted testing from

27  / / / /

28

the defendant(s) for the purpose of discerning treatment options and the effectiveness of treatment.

29.     Between 2004 and 2018, the VA health care system was the sole health care provider utilized by Mr. Rebich.

30.     That in or around June 27, 2018, Mr. Rebich presented at the defendants clinic in Kalispell Montana with complaint for tightness in his chest and difficulty breathing.

31.     That upon information and belief, the VA has certain rules and protocols for the assessment and treatment of such conditions, but that the defendant did not follow those protocols.

32.     That on or about July 15, 2018, after his continued complaints of breathing difficulty and chest pain, Mr. Rebich was given an inhaler to treat his symptoms.

33.     That in July 2018, Mr. Rebich cooperated in further testing concerning his health condition following which tests a pulmonary condition was ruled out.

34.     Following the exam in July 2018, and after a pulmonary condition was ruled out, further appointments were scheduled at the CBOC in Kalispell, Montana.

35.     That the appointments which were scheduled for a physician to review his medical condition, which appointments were later denied.

36.     That on one occasion, after being told that the physician was not in the building, the plaintiff observed that the physician was actually present.

37.     That after Mr. Rebich observed the physician, the physician directed his nurse to perform certain tests.   The plaintiffs were told that the medical equipment, or the computerized medical records were not available for a proper assessment of Mr. Rebich's medical condition.

38.     That one or more occasions when the plaintiffs scheduled appointments and received confirmation through the defendants agents, the plaintiffs were told that

1  there  was no scheduled appointment when they appeared at the defendants facility
2  the CBOC-Kalispell.

3       39.    That on at least two occasions when Mr. Rebich presented for medical
4  diagnosis and treatment defendant provided Mr. Rebich with inhalers without any
5  medical testing or reasonable evaluation.

6       40.    That one or more occasion when the defendant provided medication
7  to Mr. Rebich, the defendant insisted that Mr. Rebich accept medication to which he
8  had previously had adverse reaction.

9       41.     Between July 2018 and October 2018, Mr. Rebich appeared at the
10  CBOC Kalispell and with complaints of increasing pressure in his chest, difficulty
11  breathing, coupled with dizziness/light headed affect.

12       42.    While waiting for the defendant to schedule exam, Mr. Rebich
13  continued to report his concerns  that he was experiencing difficult chest pressure and
14  difficulty breathing.

15       43.    During the same period, and despite the symptoms, the defendants
16  unreasonably  delayed  medical  assessment  and  failed  to  provide  reasonably  safe
17  medical practices as Mr. Rebich's health suffered.

18       44.    That in October 2018, while waiting for the defendant resources,
19  Mr. Rebich, learned that yet another appointment to visit with a physician concerning
20  his health, was cancelled.

21       45.    On the same day that his appointment was cancelled, Mr. Rebich
22  suffered a severe heart attack due to a coronary blockage that took two stents to clear
23  the blockage.   Because the blockage was so large it took two stents placed end to
24  end, (one 32mm and the other was 24mm) to open the artery.

25       46.    That the defendants were informed and cognizant of that condition.

26       47.    That upon information and belief, the defendants have failed to provide
27  timely and adequate medical care for Mr. Rebich which was required by law.

28

## CAUSES OF ACTION – NEGLIGENCE
### FIRST CAUSE OF ACTION

48.    Mr. Rebich incorporates by reference paragraphs 1 through 47, above.

49.    That upon information and belief, the defendants undertook and contracted to provide medical care and treatment to Mr. Rebich.

50.    That a  patient/physician relationship existed between the defendant's agents, and Mr. Rebich.

51.    That, upon information and belief, the defendants had a duty to provide appropriate and quality medical care including the timely examination, evaluation, diagnosis and medical treatment, and other medical services.

52.    That, upon information and belief, the defendants failed to provide reasonable appropriate and timely examinations, evaluation, diagnosis and medical treatment, and other necessary medical services to Mr. Rebich.

53.    That, upon information and belief, the defendants have failed to provide Mr. Rebich with reasonable or adequate  medical treatment.

54.    That, upon information and belief, as a direct and legal result of the defendant's negligence, and failure to meet the appropriate standard of care, Mr. Rebich has suffered injuries, damages, and irreparable harm, as set forth above, entitling Mr. Rebich to an award for general and special damages in an amount to be determined at trial.

### FOR A SECOND CAUSE OF ACTION
### MEDICAL MALPRACTICE

55.    That the plaintiff incorporates the prior allegations as set forth in paragraphs 1  to 54 as though repeated herein verbatim.

56.    That, upon information and belief, a reasonably prudent and careful health care provider would have, under similar circumstances,  adopted and followed, consistent with accepted standards of care, best practices and guidelines to assess, diagnose and consider the medical consequences that result from the exposure to herbicides.

57.     That, upon information and belief, a reasonably prudent and careful health care provider would have under similar circumstances consistent with the standard of care, adopted and followed standards of care, best practices, and guidelines to assess and diagnose the existence of Mr. Rebich's medical condition.

58.     That a reasonably prudent and careful health care provider would have, under similar circumstances, consistent with the standard of care, would have referred Mr. Rebich for outside medical care if it could not reasonably and timely assess, diagnose and treat Mr. Rebich's medical condition which required surgery for correction.

59.     That, upon information and belief, the defendants, as a reasonably prudent and careful health care provider, would have, consistent with accepted standards of care, under similar circumstances, adopted and followed best practices, and guidelines to assess, distinguish and diagnose heart conditions from other less threatening medical conditions.

60.     That, upon information and belief, the defendants, as a reasonably prudent and careful health care provider would have established reasonable conditions for the timely treatment of Mr. Rebich medical conditions.

61.     That, upon information and belief, the defendant failed to adopt such standards, failed to adhere to such standards, and failed in its duty to provide appropriate and adequate medical treatment to Mr. Rebich

62.     As a proximate result of one or more of the foregoing negligent acts or omissions of defendants, the plaintiff, Mr. Rebich suffered permanent injuries; has experienced and will experience future pain and suffering, great grief, sorrow, and mental suffering; has incurred and in the future will incur obligations for substantial sums of money for medical expenses.

63.     That Mr. Rebich's injuries are a direct or proximate consequence of the defendants failures.

## FOR A THIRD CAUSE OF ACTION
## LOSS OF CONSORTIUM

64.    That the plaintiff incorporates the prior allegations as set forth in paragraphs 1  to 63 as though repeated herein verbatim.

65.    As a direct and proximate result of the carelessness and negligence of the Defendant, as set forth above, the Plaintiff, Mrs. Rebich, has suffered consequential damages and has been deprived of her husband's full society, care, comfort, companionship, and has otherwise suffered a loss of consortium.

### PRAYER FOR  RELIEF

### PRAYER FOR  RELIEF

WHEREFORE, the Plaintiffs, Anthony Rebich and Sherry Rebich, respectfully demands judgment against the Defendant, the United States of America Department of Veterans Affairs, and any other identified defendants jointly and severally, for an amount of damages set forth in applicable federal and state law and for:

A.    Actual damages in the amount as can be determined at trial on the issues of;

B.    Compensatory damages as allowed by law; and

C.    For an award of attorney's fees and costs as may be allowed by law; and,

For such other relief as the Court may determine to be appropriate.

DATED this 10TH day of May, 2021.

/S/ Peter F. Carroll

_____

Peter F. Carroll
Attorney at Law

/ / / /

/ / / /

/ / / /

1

**CERTIFICATION**

2          I hereby certify that to the best of my information, knowledge and belief that

3   the matter in controversy is not the subject of any other action pending in any

4   court or of a pending arbitration proceeding, that no other action or arbitration is

5   contemplated, and I am not aware of any other person whom should be joined in

6   this matter.

7          DATED this 10TH  day of May, 2021.

8                                              /s/ Peter F. Carroll

9                                              Peter F. Carroll
                                               Attorney at Law
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28