IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

ANTHONY REBICH AND SHERRY REBICH,

Plaintiffs,

vs.

DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES OF AMERICA, and DOES 1 through 5 inclusive,

Defendants.

CV 21–60–M–DLC

ORDER

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendation concerning Defendants' Motion for Summary Judgment. (Doc. 28.) Plaintiffs Anthony and Sherry Rebich timely filed specific objections to the Findings and Recommendation. (Doc. 29.) Consequently, Plaintiffs are entitled to *de novo* review of those findings and recommendations to which they object. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Absent objection, this Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## BACKGROUND

Plaintiff Anthony Rebich ("Mr. Rebich") is a veteran receiving service-connected disability benefits from the U.S. Department of Veteran Affairs ("VA"). (Doc. 1 at 4.) Mr. Rebich had been receiving care from the VA "since on or before January 1, 2010, and until approximately December 2018." (*Id.* at 2.) Beginning in the summer of 2018, Mr. Rebich reported "increasing pressure in his chest, difficulty breathing," and "dizziness/light headed[ness]." (*Id.* at 6.) On October 3, 2018, Mr. Rebich suffered a severe heart attack. (*Id.* at 6; Doc. 24 at 5.)

Plaintiffs exhausted their administrative remedies and now bring this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2674. (Doc. 1 at 1.) Plaintiffs allege "negligence and professional malpractice in connection with medical diagnosis and care provided" to Mr. Rebich by the VA Community Based Outpatient Clinic in Kalispell, Montana, and the Montana VA Medical Center in Fort Harrison. (*Id.* at 1.) Additional background can be found in Judge DeSoto's Findings and Recommendation. (Doc. 28 at 2–3.)

Defendants moved for summary judgment on the basis that "Plaintiffs have failed to disclose expert medical evidence necessary to support their claims of medical malpractice." (Doc. 20 at 2.) Judge DeSoto recommends that this Court grant Defendants' motion for summary judgment because Plaintiffs have failed to disclose any expert witnesses on liability or on damages as required by Montana

law. (Doc. 28 at 9.) Judge DeSoto found that both of Plaintiffs' claims were medical malpractice claims, rather than claims for general negligence. (*Id.* at 5–6.) Accordingly, "[b]ecause Plaintiffs have proffered no expert testimony to either establish a prima facie case of medical malpractice or effectively rebut Defendants' expert witnesses as to either the applicable standard of care or providers' alleged breach . . . Plaintiffs have failed to demonstrate a genuine dispute as to any material fact." (*Id.* at 9.)

Plaintiffs effectively raise two objections to the Findings and Recommendation. (Doc. 29 at 3.) First, Plaintiffs object to the finding that lay witness testimony and "common knowledge" are insufficient to establish a prima facie case. (*Id.* at 4–6, 7–8.) Second, Plaintiffs object to the finding that Plaintiffs' claims are administrative and not within the ambit of the FTCA. (*Id.* at 6–7.) Notably, Plaintiffs appear to concede to Judge DeSoto's finding that their claims are for medical malpractice, despite earlier arguments to the contrary, (*see* Doc. 26 at 3). The Court reviews these findings and Judge DeSoto's recommendation *de novo*.

## DISCUSSION

This Court can resolve an issue summarily if "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those which may affect the outcome

of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine when there is sufficient evidence for a reasonable factfinder to return a verdict for the other party. *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In deciding a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

Pursuant to Montana law, expert testimony is required to establish the applicable standard of care and deviation from that standard of care in a medical negligence case, "unless the conduct complained of is readily ascertainable by a layman." *Deaconess Hosp. v. Gratton*, 545 P.2d 670, 672 (Mont. 1976) (citation omitted); *see also Griffin v. Moseley*, 234 P.3d 869, 875 (Mont. 2010); *Horn v. St. Peter's Hosp.*, 406 P.3d 932, 936–37 (Mont. 2017) ("Without presentation of a standard of care against which the jury can evaluate the medical care [plaintiff] received, this case becomes a simple negligence action governed by a 'reasonable person' standard . . . , [which is] contrary to Montana law.").

Plaintiffs argue that they can prove malpractice by offering Mr. Rebich's lay

witness testimony regarding the care he received and the Veterans Health Administration's ("VHA") own policies and procedures, which Mr. Rebich claims were not followed. (Doc. 29 at 4–6, 7–8.) Mr. Rebich further argues that "the conduct complained of is readily ascertainable by a layman," because "[i]n this instance, the negligence is less about what occurred than what failed to occur." (*Id.* at 4 (citing *Deaconess Hosp.*, 545 P.2d at 672).) Plaintiffs also argue that "the lack of reasonable care [here] would be apparent to and within the common knowledge and experience of mankind." (*Id.* at 7 (citing *Dalton v. Kalispell Reg'l Hosp.*, 846 P.2d 960, 964 (Mont. 1993)).)

This Court finds—as did the court in *Dalton*—that the Defendants' alleged "lack of action is evidence of the [Defendants'] lack of action and nothing more." 846 P.2d at 962. The VHA's policies and Mr. Rebich's opinion as to whether those policies were adequately followed cannot establish a standard of care nor a breach of that standard of care. *See, e.g.*, *Horn*, 406 P.3d at 936. There is no "evidence of any standard of care against which the acts or omissions of the . . . [Defendants'] staff can be measured to establish negligence." *Dalton*, 846 P.2d at 962 (citation omitted). Furthermore, the issues of this case are beyond the common experience of the factfinder. *See Brookins v. Mote*, 292 P.3d 347, 362 (Mont. 2012) (stating that "on questions of whether 'reasonable care' was exercised in undertaking 'work calling for a special skill[,]' there can be 'no

finding of negligence in the absence of expert testimony to support it") (citation omitted).

Defendants have offered expert testimony from two experts who each concluded that Mr. Rebich's providers acted within the standard of care. (Doc. 21-6 at 8, 26.) Plaintiff has not offered any expert testimony to rebut Defendants' experts and, as discussed above, Mr. Rebich's lay testimony and the VHA's policies are insufficient to establish a prima facie case of medical malpractice. Therefore, there is no genuine issue of material fact and Defendants are entitled to summary judgment as a matter of law.

Plaintiffs' objection that Judge DeSoto erroneously found Plaintiffs' claims are administrative and not within the ambit of the FTCA simply misstates Judge DeSoto's finding and has no merit. In a footnote, Judge DeSoto noted that "claims for 'administrative negligence in scheduling appointments' are barred by the Veterans Judicial Review Act." (Doc. 28 at 8 n.1 (citing *Tunac v. United States*, 897 F.3d 1197, 1200–06 (9th Cir. 2018)).) Judge DeSoto simply acknowledged that this Court has previously held Plaintiffs' arguments based on "improper appointment scheduling" were barred. (*Id.* (citing *Rebich v. Dept. of Veterans Affs.*, CV 19–26–M–DWM, 2020 WL 264324, at **1–2 (D. Mont. Jan. 17, 2020)).) However, Judge DeSoto did not conclude that any of Plaintiffs' claims in this case are administrative and outside of the FTCA. Instead, Judge DeSoto's

recommendation relies solely on the finding that Plaintiff has failed to provide any expert testimony as to the applicable standard of care or breach, as required by Montana law.

Reviewing the remaining portions of the Findings and Recommendation for clear error, the Court finds none.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 28) is ADOPTED in full.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Doc. 19) is GRANTED.

The Clerk of Court is directed to enter judgment in Defendants' favor by separate document and close the case file.

DATED this 8th day of February, 2023.

Dana L. Christensen, District Judge
United States District Court